HERMIDA, APPELLANT, *v.* MÁRQUEZ, RESPONDENT.

APPEAL from the District Court of Aguadilla.

No. 864.—Decided May 5, 1913.

SETTLEMENT—CONSENT—ERROR OF FACT—DECEIT.—When a party consents to a settlement believing that the property forming the subject-matter of said settlement was encumbered by only two mortgages and it results that there was a third mortgage of which the consenting party had no knowledge, such settlement is null because the consent was given under an error regarding a condition affecting the essence of the contract and it is not necessary to said nullity that deceit was practiced by the other party.

COSTS—ATTORNEY'S FEES—JUDGMENT.—A judgment decreeing the payment of costs and attorney's fees cannot fix the amount of the latter. Such fees must be set out in a bill of costs which is subject to objection in accordance with the provisions of sections 327 and 339 of the Code of Civil Procedure as amended by the Act of March 12, 1908.

The facts are stated in the opinion.

*Mr. Carlos Franco Soto* for appellant.

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On May 23, 1911, Angel Hermida y Jorge brought an action in the District Court of Aguadilla against Baltazar Márquez y Palou for the recovery of the sum of $800 together with legal interest and the costs.

The plaintiff alleged that the said sum became due through the assignment of a debt for that amount by Nicolás Gilormini to Angel Hermida in a public instrument executed March 15, 1909, and that said debt originally arose out of a settlement agreement between Gilormini and Márquez whereby the former agreed to deliver to the latter a certain property

belonging to him which was encumbered by two mortgage credits owned by Márquez, who in turn agreed to pay to Gilormini the said sum of $800.

The defendant answered the complaint alleging in opposition thereto that the property referred to had proven to be encumbered by another mortgage of which he had no cognizance when he entered into the agreement referred to and pleading besides the defense of *res judicata* in that the question involved in the suit had been decided already by the same district court on October 29, 1910, in case No. 662, prosecuted by Baltazar Márquez against Nicolás Gilormini.

The trial having been held, the court made the following findings of fact on the evidence introduced:

*First.* That Baltazar Márquez being the owner of two mortgage credits encumbering a property of Nicolás Gilormini, one for $12,000 in favor of Octavio Giovanneti and another for $3,000 (later reduced to $1,492.35) in favor of Antonio Alcover, certain differences arose when Márquez attempted to collect the amounts and in order to adjust them the creditor and debtor mutually agreed to appoint four persons as arbitrators, two by each party, to agree upon what they deemed just in the premises. These arbitrators agreed in the names of their principals that Gilormini should convey the property to Márquez in payment of the mortgage credits that he (Márquez) owned and that the latter in turn should pay to Gilormini the sum of $800—$400 in cash and the other $400 at the expiration of one year.

*Second.* That neither at the time of entering into the agreement nor prior thereto was any mention made of any other mortgage encumbering the property than the two already mentioned and that Márquez was ignorant of any other such mortgage until Notary Juan Zacarías Rodríguez, who was engaged to draw up the deed of conveyance of the property in payment of the two mortgages of Márquez, on inspecting the records found that there was a third mortgage for

$2,000 on the same property in favor of Luis Gonzague. He called the attention of Márquez to this fact and the latter, deeming himself released from the agreement and not bound to acknowledge this third credit of which he knew nothing, brought legal proceedings to recover on the two mortgage credits. Judgment was rendered in his favor and in payment of his claim the mortgaged property was adjudicated to him.

In view of the foregoing facts and of sections 1232, 1233, 1236 and 1237 of the Civil Code now in force, the court rendered judgment on March 1 of last year decreeing that the plaintiff, Hermida, take nothing from the defendant, Márquez, and that the latter go free from all responsibility, overruling the plea of *res judicata* entered by the defendant, and ordering that the plaintiff pay the costs of the suit and a reasonable attorney's fee of $150 to Salvador Suau, the defendant's attorney.

Plaintiff's attorney took an appeal to this court from the foregoing judgment and as grounds therefor alleged the following:.

*First.* That the District Court of Aguadilla committed grave error in weighing the evidence and misapplied the provisions of sections 1236 and 1237 of the Revised Civil Code.

*Second.* That the lower court violated the act amending sections 327 and 339 of the Code of Civil Procedure, approved March 12, 1908.

The appellant in his brief attempts to show by an examination of the evidence introduced at the trial that the defendant, Baltazar Márquez, when accepting the agreement entered into between him and Nicolás Gilormini had knowledge not only of the credit of Giovanneti and Alcover to be paid to Márquez by the conveyance of Gilormini's property, but was also cognizant of the existence of the other credit in favor of Luis Gonzague, and in support thereof calls attention to the statement of the defendant himself who said that "he remembers having written a letter to Gilormini in which

he mentioned Gonzague's mortgage with a view to its being recorded.''

Said statement by Márquez is not sufficient in itself to justify our holding that Márquez on agreeing to the settlement was aware of the credit in favor of Gonzague. We have examined the four letters appearing in the record bearing dates of January 1, 7 and 31, 1909, and February 14 of the same year, the first and fourth of which were addressed by Márquez to Ricardo Méndez and the second and third by the said Márquez to Nicolás Gilormini, and in none of them is the slightest reference made to Gonzague's mortgage. Only in the letter of January 31 does Márquez say to Gilormini that it would be advisable for him to forward the documents relating to the property—that is, the deeds of sale from Octavio and Gonzague—and also the copies of the mortgages, if he had them, thus advancing the drawing up of the deed and curtailing the work of the notary.

Nothing is said in that letter about a mortgage in favor of Gonzague, but only about the sale made by him.

Neither does Márquez give in his testimony the date on which he wrote to Gilormini regarding Gonzague's mortgage and although he says that he was not surprised when the notary, Juan Z. Rodríguez, told him that in addition to his mortgage and that of Alcover on the property there was another in favor of Gonzague, he immediately added that it seemed very strange to him as he was not aware of the existence of such mortgage notwithstanding the fact that he knew of the sale by Gonzague to Gilormini.

Notary Juan Z. Rodríguez testified that when he was preparing the deed of conveyance of the property from Gilormini to Márquez he discovered that the property had been acquired by Gilormini and Gonzague, and the latter sold his share to the former leaving it mortgaged as security for two promissory notes for $2,000 which the purchaser drew in favor of the vendor, and the witness advised the purchaser

that that was a mortgage, Gilormini replying that it was not a mortgage because it was not recorded and had been paid, in view of which Márquez withdrew saying that with $2,000 added he would not accept the arrangement and could not comply with it because it appeared to be for a greater sum than the $800 which he had been disposed to pay.

As will be seen from the foregoing, the trial court committed no error in not finding as proven by the testimony of the defendant that on accepting the settlement with Gilormini he was aware of the mortgage for $2,000 in favor of Gonzague. Márquez had no knowledge of such a mortgage and in consenting to the settlement he did so under the supposition that the only mortgages encumbering Gilormini's property were those of Giovanneti and Alcover, and such was the understanding under which he agreed to pay Gilormini the sum of $800, the latter having promised to make an amicable delivery of the property although Márquez reserved to himself the right to bring legal proceedings for the recovery of the mortgage values in case his interests might so demand. And we cannot hold, as contended by the appellant, that such reservation demonstrates an intention on the part of Márquez to evade the settlement and fail to pay to Gilormini the said $800, because it only shows that Márquez, anticipating any eventuality, was not inclined to give up his right of action on the mortgages which afforded him a greater guaranty than an action based on a settlement which was not witnessed by a public instrument.

Section 1232 of the Civil Code provides that consent given by error, under violence, by intimidation, or deceit, shall be void; and according to section 1233, in order that the error may invalidate the consent, it must refer to the substance of the thing which may be the object of the contract; or to those conditions of the same which should have been principally the cause of its execution.

The primary motive or reason which induced Márquez

to accept the settlement was no other than to secure the pay-
ment of the two mortgage credits which he possessed, by the
conveyance and delivery to him of the mortgaged estate free
from any other encumbrance, he agreeing to pay to Gilormini
the sum of $800 in the manner hereinbefore set forth when
the property had been adjudicated to him.    The existence
of a third lien for $2,000 on the property unknown to Már-
quez vitiated his consent to the transaction given under the
erroneous idea that the property was not encumbered by more
than the two mortgages on which he was going to realize, the
error of Márquez being in relation to one of the conditions
affecting the essence of a contract which he would not have
entered into if he had known that in addition to the $800
which he was to pay to Gilormini he would have to make a
further outlay of $2,000 to cancel Gonzague's mortgage.

The sections of the Civil Code which we have cited above
have been properly applied by the lower court and it is unnec-
essary to discuss whether or not there has been any infrac-
tion of sections 1236 and 1237 of said code relative to deceit,
for even supposing that the consent to the settlement had
not been given under the influence of deceit practised by Gilor-
mini, such consent was given under mistake, as hereinbefore
set forth, and such mistake was sufficient to annul the trans-
action without the necessity of showing deceit, consequently
the defendant cannot be called upon to make payment of the
$800 claimed by the plaintiff.

Besides, the attorney for the appellant does not contend
that sections 1232 and 1233, but that sections 1236 and 1237,
of the Civil Code have been infringed, and he raises such con-
tention on an assumption of facts entirely different from those
taken into consideration by the lower court in its applica-
tion of the said sections, for which reason if the said court
has not committed error, as we hold, in weighing the evidence,
the alleged infraction falls of its own weight.

Although the first ground of appeal cannot be sustained,

this is not true of the second, as we think the lower court infringed the act amending sections 327 and 339 of the Code of Civil Procedure, approved March 12, 1908, in adjudging the plaintiff to pay the sum of $150 as fees of the defendant's attorney.

In deciding the case of *Veve* v. *The Municipality of Fajardo,* 18 P. R. R., 738, we construed sections 327 and 339 of the Code of Civil Procedure, as amended by the Act of March 12, 1908. We then held that the right of the litigant to recover from the defeated party the amount due the former's attorney for his services when costs are allowed, must be stated in the judgment and the payment of attorney's fees expressly ordered therein, and we further held then that in contesting a bill of costs, disbursements, and attorney's fees the right to the amounts included therein cannot be disputed when such right has been decreed in the judgment, but the objection should be limited to the extent thereof, either that the attorney's fees are excessive or that there are excessive or unlawful items in the costs and disbursements.

We find, therefore, that the lower court could order that the plaintiff pay the costs of the suit and the fees of the defendant's attorney, but could not fix the amount thereof in the judgment, as such fees must be set out in the bill of costs which in accordance with section 339 cited is required to be presented for payment and is subject to objection by means of the formalities established by law.

For the foregoing reasons the judgment appealed from should be affirmed except in so far as it orders that plaintiff pay the sum of $150 as fees of the defendant's attorney.

*Affirmed in part.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Justice MacLeary did not take part in the decision of this case.